UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDER WILLIAMS JR.,<br><br>                    Petitioner,<br><br>          -against-<br><br>CITY OF NEW YORK,<br><br>                    Respondent. | 24-CV-8075 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently incarcerated at Sing Sing Correctional Facility, brings this *pro se* application challenging the execution of his sentence. Specifically, he argues that time spent in pretrial detention at Rikers Island was credited to his earlier 2013 sentence, rather than his current 2018 sentence. He seeks to have "his 15 month[s] of time served . . . returned to him." (ECF 2 at 16.)

These claims were originally included in a civil rights complaint, and District Judge Philip M. Halpern directed that Petitioner's claims challenging the execution of sentence be severed and opened as a separate action. *Williams v. New York State*, No. 24-CV-4285 (PMH) (S.D.N.Y. July 29, 2024) (ECF 7). This new action was opened on the docket on October 24, 2024, and the Court then directed Petitioner either to pay the filing fee or to submit an *in forma pauperis* (IFP) application. By order dated December 16, 2024, the Court granted Petitioner's request to proceed *in forma pauperis*.

As set forth below, the Court construes this application as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 and directs Petitioner, within 60 days, to file an amended petition demonstrating exhaustion of his state court remedies.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001).

## BACKGROUND

The following allegations are drawn from the petition. On March 14, 2018, while on post-release supervision (PRS) for a 2013 conviction, Petitioner was charged with a "cold case murder," for an incident that had occurred on June 27, 2011.[1] (ECF 1 at 3.) The New York State Division of Parole did not charge Petitioner with a violation of PRS in connection with this arrest, because it was based on an incident in 2011, before he was on PRS. (*Id.*) Petitioner was in the custody of the New York City Department of Correction (DOC) from March 14, 2018, to September 8, 2023, when he was transferred to state prison to serve his current term of 25 years' to life imprisonment. (*Id.* at 28.)

---

[1] Petitioner states that, at the time of his arrest in 2018, he was serving a sentence of 4 1/2 years' incarceration, plus three years' post-release supervision, for his 2013 conviction.

2

Petitioner attaches a DOC letter stating that, of the time that Plaintiff had been detained in DOC custody on Rikers Island, 410 days had been "claimed by NYS DOCCS toward [Plaintiff's] previous sentence served under DIN#13A1666." (ECF 2 at 28.) The DOC states that it relied on N.Y. State Penal Law § 70.30(3), which provides that a jail-time certificate cannot include time credited against the maximum term of a previous sentence or post-release supervision. The DOC letter indicates that additional questions should be addressed to the NYS DOCCS Office of Sentencing Review. Petitioner contends that the City of New York has a policy or custom of "taking" time served, without notice or an opportunity to be heard, allegedly in violation of his right to Due Process.

## DISCUSSION

### I.    Recharacterization as a Section 2254 petition

Petitioner challenges the execution of his state sentence, and the Court therefore concludes that this application should be construed as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278–79 (2d Cir. 2003). If Petitioner does not wish to pursue relief under Section 2254, he may notify the Court in writing within 60 days that he wishes to withdraw the application. *Id. at* 282.

### II.    Exhaustion of State Court Remedies

A state prisoner must exhaust all available state remedies before filing a petition for a writ of *habeas corpus* under Section 2254. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion doctrine means that the state courts must be given the first opportunity to review constitutional errors associated with Petitioner's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). A petitioner may satisfy the exhaustion requirement by fairly presenting his claims through a state's established appellate review process. *Id.* "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the

factual and legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)).

To exhaust his claims based on the execution of his sentence, Petitioner must first challenge the decision administratively with DOCCS, and then file in state court a petition under Article 78 of the New York Civil Practice Law and Rules. *See, e.g.*, *Wells v. Annucci*, No. 19-CV-3841 (LLS), 2019 WL 2209226, at *3 (S.D.N.Y., May 21, 2019) (holding that to "exhaust the execution of a sentence, after challenging the decision administratively with DOCCS, Petitioner must file an Article 78 petition under New York Civil Practice Law and Rules." (citing *Velez v. Annucci*, No. 10-CV-1485 (JKS), 2014 WL 316748, at *1 (N.D.N.Y. Jan. 28, 2014)); *Castro v. Rivera*, 69 A.D.3d 1000, 1000, (2010) (converting *habeas corpus* proceeding challenging sentence computation to an Article 78 proceeding).[2] In order to fully exhaust state court review, Petitioner must then appeal any adverse ruling on the Article 78 petition to the New York Supreme Court, Appellate Division. *See Wells*, 2019 WL 2209226, at *3; *Castro*, 69 A.D.3d at 1000. Should the Appellate Division affirm the decision, Petitioner must then seek leave to appeal from the New York Court of Appeals. *See, e.g.*, *Bottom v. Goord*, 96 N.Y.2d 870, 870 (2001) (reversing Appellate Division affirmance of denial of an Article 78 proceeding, seeking recalculation of jail-time credit, as time-barred).

Here, Petitioner does not indicate whether he discussed his jail-time credit with the Inmate Records Coordinator at Sing Sing, whether he sought review from the DOCCS Office of Sentencing Review, or whether he sought review in the state courts of any adverse final

---

[2] Generally, a state court *habeas corpus* petition would not be the proper vehicle to challenge a sentence computation when the prisoner is not entitled to immediate release from prison. *See, e.g.*, *People ex rel. Gonzalez v. Smith*, 104 A.D.2d 725, 725 (1984).

administrative decision. Petitioner thus does not show that his constitutional claims are fully exhausted and ripe for review.

### III.    Leave to Amend Petition

The Court grants Petitioner leave to submit an amended petition within 60 days of the date of this order. Should Petitioner decide to file an amended petition, he must state his federal law grounds for relief and detail the steps he has taken to exhaust them fully in the New York courts. Petitioner must exhaust all available state court remedies in order to proceed with this Petition.[1] *See* 28 U.S.C. § 2254(b)(1).

Petitioner is advised that an amended petition completely replaces the original petition. The Court also notes that the proper respondent for a Section 2254 petition is the Superintendent of the facility where he is incarcerated.

### CONCLUSION

The Court construes this application as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 and directs the Clerk of Court to note this change in the nature of suit on the docket. If Petitioner does not wish to pursue relief in a Section 2254 petition, he must notify the Court within 60 days that he does not wish the application to be recharacterized.

Petitioner is directed to file an amended Section 2254 petition containing the information specified above. The amended petition must be submitted to the Pro Se Intake Unit within 60 days of the date of this order, be captioned as an "Amended Petition," and bear the docket

---

[1] The statute of limitations for bringing a federal *habeas corpus* petition is generally one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1).

number 24-CV-8075 (LTS). An Amended Petition Under 28 U.S.C. § 2254 form is attached to this order. If Petitioner chooses not to submit an amended petition, the petition will be dismissed without prejudice as premature.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    January 13, 2025
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

AO 241    Page 1
(Rev. 06/13)

# Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.  You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7.  In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.  When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

9.  <u>**CAUTION:**</u> **You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10. <u>**CAPITAL CASES:**</u> **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

AO 241                                                                                                                          Page 2
(Rev. 06/13)                                          **AMENDED**

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| **United States District Court** | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| v. | |

The Attorney General of the State of

**AMENDED**

**PETITION**

1.      (a) Name and location of court that entered the judgment of conviction you are challenging:




        (b) Criminal docket or case number (if you know):

2.      (a) Date of the judgment of conviction (if you know):

        (b) Date of sentencing:

3.      Length of sentence:

4.      In this case, were you convicted on more than one count or of more than one crime?    ❏    Yes        ❏    No

5.      Identify all crimes of which you were convicted and sentenced in this case:









6.      (a) What was your plea? (Check one)

                        ❏    (1)      Not guilty          ❏    (3)      Nolo contendere (no contest)

                        ❏    (2)      Guilty              ❏    (4)      Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

    ❏ Jury    ❏ Judge only

7.     Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ❏ Yes    ❏ No

8.     Did you appeal from the judgment of conviction?

    ❏ Yes    ❏ No

9.     If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?    ❏ Yes    ❏ No

    If yes, answer the following:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Result:

    (4) Date of result (if you know):

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?     ❑   Yes        ❑   No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?          ❑   Yes        ❑   No

11.     If your answer to Question 10 was "Yes," give the following information:

(a)        (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❑   Yes        ❑   No

(7) Result:

(8) Date of result (if you know):

AO 241
(Rev. 06/13)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❑ Yes    ❑ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❑ Yes    ❑ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:    ❑ Yes    ❑ No

    (2) Second petition:    ❑ Yes    ❑ No

    (3) Third petition:    ❑ Yes    ❑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

    **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)     **Direct Appeal of Ground One:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?          ❐  Yes          ❐  No

   (2) If you did not raise this issue in your direct appeal, explain why:


(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   ❐  Yes          ❐  No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:


   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):


   (3) Did you receive a hearing on your motion or petition?          ❐  Yes          ❐  No

   (4) Did you appeal from the denial of your motion or petition?          ❐  Yes          ❐  No

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ❐  Yes          ❐  No

   (6) If your answer to Question (d)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:


   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):


   (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❒  Yes          ❒  No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ❒  Yes          ❒  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ❏ Yes    ❏ No

(4) Did you appeal from the denial of your motion or petition?    ❏ Yes    ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ❏ Yes    ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241                                                                                                      Page 10
(Rev. 06/13)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❏  Yes     ❏  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❏  Yes     ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ❏  Yes     ❏  No

(4) Did you appeal from the denial of your motion or petition?     ❏  Yes     ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ❏  Yes     ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ❑    Yes        ❑    No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings**:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❑    Yes        ❑    No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

AO 241
(Rev. 06/13)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                                      ❏   Yes        ❏   No

(4) Did you appeal from the denial of your motion or petition?                            ❏   Yes        ❏   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏   Yes        ❏   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 06/13)

13.     Please answer these additional questions about the petition you are filing:

    (a)     Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?     ❏  Yes     ❏  No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:

    (b)     Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

14.     Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

        that you challenge in this petition?     ❏  Yes     ❏  No

        If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

        raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

        of any court opinion or order, if available.

15.     Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

        the judgment you are challenging?     ❏  Yes     ❏  No

        If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

        raised.

16.     Give the name and address, if you know, of each attorney who represented you in the following stages of the

        judgment you are challenging:

        (a) At preliminary hearing:


        (b) At arraignment and plea:


        (c) At trial:


        (d) At sentencing:


        (e) On appeal:


        (f) In any post-conviction proceeding:


        (g) On appeal from any ruling against you in a post-conviction proceeding:



17.     Do you have any future sentence to serve after you complete the sentence for the judgment that you are

        challenging?          ❐  Yes      ❐   No

        (a) If so, give name and location of court that imposed the other sentence you will serve in the future:



        (b) Give the date the other sentence was imposed:

        (c) Give the length of the other sentence:

        (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

        future?              ❐  Yes      ❐   No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

        why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Tab to continue "TIMELINESS OF PETITION" on next page.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Print          Save As...                                                                 Reset